FILED
MAR 14 2002
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER

FEB 19 2002

DOCKETED
MAR 27 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 01 CR 908-1 |
| | ) | Judge Kennelly |
| RESONANCE INSTRUMENTS, INC. | ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, RESONANCE INSTRUMENTS, INC., through its President and owner, CLARENCE ARNOW, and its attorney, JEFFREY URDANGEN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(e)(1)(C), as more fully set forth in Paragraphs 16 and 17 below.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant, acting through its authorized representatives, regarding defendant's criminal liability in case 01 CR 908-1.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever,of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

This Plea Agreement has been submitted to the Board of Directors of defendant, RESONANCE INSTRUMENTS, INC., which has manifested its intention and agreement by corporate resolution, properly executed, to plead the corporation guilty in accord with this agreement

and directed its President and owner, CLARENCE ARNOW, and its attorney, JEFFREY URDANGEN, to enter the plea agreement for defendant, in accord with Fed. R. Crim. P. 43(c)(1). A copy of this corporate resolution shall be made part of the record of this case at the time of the entry of the plea of guilty.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, RESONANCE INSTRUMENTS, INC., through its President and owner, CLARENCE ARNOW, and its attorney, JEFFREY URDANGEN, have agreed upon the following:

1. Defendant acknowledges that it has been charged in Count One of the Superseding Information in this case with knowingly and willfully making a false writing in a matter within the jurisdiction of the United States, in violation of Title 18, United States Code, Section 1001(a)(3).

2. Defendant and its undersigned representative have read the charge against it contained in the Superseding Information, and that charge has been fully explained to it by its attorney.

3. Defendant and its undersigned representative fully understand the nature and elements of the crime with which defendant has been charged.

4. Defendant will enter a voluntary plea of guilty to the Superseding information in this case.

5. Defendant will plead guilty because it is in fact guilty of the charges contained in the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish its guilt beyond a reasonable doubt:

On or about February 21, 1997, at Skokie Illinois, in the Northern District of Illinois, Eastern Division, the defendant, in a matter within the jurisdiction of the United States Agency for

International Development, an agency of the United States, knowingly and willfully made a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry; namely defendant RESONANCE INSTRUMENTS, INC, through its agent, Clarence Arnow, certified on an AID Form 282 that no commissions or similar payments, or side payments existed respecting the sale of an ESR Spectrometer, Model 8400 by Resonance Instruments, Inc. to MISR University for Science and Technology of Giza, Egypt, when in truth and fact, as defendant then and there well knew, that the transaction included a $41,301.99 commission, similar payment or side payment, all in violation of Title 18, United States Code, Section 1001(a)(3).

Defendant more specifically acknowledges that USAID conducted a Commodity Import Program through which it extended financing to qualified entities within participating countries for the purchase of qualified American technology and equipment. Under federal law, a domestic vendor engaged in a USAID-financed sale of a commodity to a foreign entity under the Commodity Import Program was required to follow the laws and regulations governing the sale of such commodities. For each sale of a transaction financed by USAID under the Commodity Import Program, the domestic vendor of the commodity was specifically required under federal law to prepare a USAID form known as form "AID 282". The domestic vendor was required to complete the AID 282 and therein, certify, among other things, a description of the commodity being sold, its price and, in Section 14 of the AID 282, "information as to commissions, credits, allowances, similar payments, and side payments."

Defendant RESONANCE INSTRUMENTS, INC. ("RII") was located at 9054 Terminal Avenue, Skokie, Illinois, and was incorporated in the State of Illinois, with its agent, Clarence Arnow serving as its corporate president. Defendant RII was engaged in the business of selling

3

technologically advanced scientific equipment to hospitals and research institutions, including, among other things, microwave spectrometers, which utilize microwave resonance technology to analyze the molecular structure of chemical compounds.

Defendant RII was a domestic vendor of scientific equipment. In or about the fall of 1996, RII, through its authorized agent Clarence Arnow, was approached by an equipment broker who held himself out as a representative of an Egyptian company he identified as Economic Scientific. The broker solicited the purchase of a spectrometer from defendant RII. The broker made this solicitation on behalf of MISR University for Science and Technology located in Giza, Egypt. The broker explained that the purchase would be financed through the USAID Commodities Export Program. The broker further explained that certain commissions would be required above and beyond the sale price quoted by defendant RII for a spectrometer.

In order to facilitate the transaction under the USAID Commodities Export Program, the broker directed RII, through its agent Clarence Arnow, to state as the transaction amount $113,120, which amount included the commission the broker specified was necessary to complete the transaction. The broker indicated that the commission money was needed in part to pay foreign officials associated with the purchase at the Egyptian end of the transaction. Defendant RII, through its agent, Arnow, as instructed, specifically executed a USAID Form 282 in which the purchase price was represented to be $113,120 and it was further certified that this figure did not include any commissions, side payments or "kickbacks," when the defendant well knew that its certification was materially false and that the stated purchase price included commissions or other side payments of $41,301.99 As a result of this certification, USAID financed the transaction at the full stated amount of $113,120, unaware that the stated transaction amount included an undisclosed commission or

4

other side payment. The undisclosed commission payment was a payment that defendant RII knew violated the restricted purpose for which the USAID Commodities Export Program financed export transactions.

6. For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28 United States Code, Section 994, the parties agree on the following points:

(a) The base offense level for the offense conduct is six (6) pursuant to Guidelines Section 2B1.1(a).

(b) The offense level is increased by six (6) levels pursuant to Guidelines Section 2B1.1(b)(D), because the loss amount was greater than $30,000 and did not exceed $70,000.

(c) The base fine level for this offense is $41,301.99, pursuant to Guidelines Section 8C2.4(c) as the greater of the knowing pecuniary loss from the offense caused by defendant and the Guidelines Section 8C2.4(d) Offense Level Fine Table.

(d) The culpability score is three (3) points, based on a base level of five (5) points under Guidelines Section 8C2.5(a), less two (2) points for Cooperation and Acceptance of Responsibility under Guidelines Section 8C2.5(g)(3).

(e) Based on the defendant's culpability score of three (3) points as calculated in subparagraph 6(d) above, the minimum multiplier is 0.60 and the maximum multiplier is 1.20, pursuant to Guidelines Section 8C2.6.

(f) The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its

own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7. Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8. Defendant understands the charge to which it will plead guilty carries a maximum penalty of a fine of $500,000, a term of probation of not less than one year and up to five years, and any restitution ordered by the Court.

9. The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $400 on the count to which it has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $400 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10. Defendant and its undersigned representatives understand that by pleading guilty defendant surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charge against him, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge

sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        (b)    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and its attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

        (c)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

        (d)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

        (e) Defendant and its undersigned representatives understand that defendant has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than

twenty-three members. By signing this Agreement, defendant knowingly waives its right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that it has been prosecuted by way of Superseding Information.

11. Defendant and its undersigned representatives understand that by pleading guilty it is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to it, and the consequences of its waiver of those rights. Defendant further understands it is waiving all appellate issues that might have been available if it had exercised his right to trial.

12. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined, in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives its right to challenge its sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

13. Defendant understands that the Superseding Information and this Plea Agreement are matters of public record and may be disclosed to any party.

14. Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's

conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

15. Defendant agrees it will fully and truthfully cooperate with the government in any matter in which it is called upon to cooperate that is related to or results from the charges in this case.

16. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation, and, assuming the defendant's full and truthful cooperation, shall move the Court, pursuant to Sentencing Guideline Section 8C4.1 to depart from the applicable guidelines range and to impose the specific sentence agreed to by the parties as outlined below. Defendant understands that the decision to depart from the applicable guidelines range rests solely with the Court. However, this Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(e)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a fine of $41,301.99. Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court. The parties further agree that the actual sentence imposed on the defendant shall be determined by the Court, after the Court is provided with the details of the defendant's offense, the extent of his truthful cooperation and any matters in aggravation or mitigation of sentencing.

17. Regarding restitution, pursuant to Rule 11(e)(1)(C), the parties agree that as a part of the sentence the court shall order the defendant to pay restitution in the amount of $41,301.99, jointly and severally with Clarence Arnow, to the United States Agency for International Development, pursuant to Title 18, United States Code, Sections 3663(3) and 3664. The parties agree and stipulate that the defendant has the financial ability to pay restitution in the amount of $41,301.99. Other than the agreed restitution aspect of the sentence, it is understood by the parties that the sentencing judge

is neither a party to nor bound by this agreement and is free to impose the maximum penalties as set forth in paragraph 8 above. If the Court accepts the agreed restitution as set forth above, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(e)(2) and (4). Defendant understands that the restitution order of the court is enforceable both as a part of this sentence and in the same manner as a civil judgment. Should the judge refuse to accept the restitution aspect of the sentence, this Agreement shall become null and void and neither party will be bound thereto.

18. Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. It further understands that in the event it violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

19. Defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

20. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

21. Defendant acknowledges that it has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that it understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 3/14/02

_____
PATRICK J. FITZGERALD
United States Attorney

_____
JOSEPH M. FERGUSON
Assistant United States Attorney

_____
RESONANCE INSTRUMENTS, INC.
Defendant, by its President Clarence Arnow

_____
JEFFREY URDANGEN
Attorney for Defendant